IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

OFLUNMI BODUNDE              PLAINTIFF

VS.           CIVIL ACTION NO. 3:20cv082-MPM-JMV

FAULKNER FLATS

                   JURY TRIAL DEMANDED

**COMPLAINT**

**1. NATURE OF THE CASE**

1.   This is an action for monetary damages, attorney's fees, costs, and for declaratory relief to enforce the provisions of Americans With Disabilities Act ("the ADA"), and also to prevent future deprivation of its associated rights, privileges and immunities. This action is also brought to recover monetary damages for violations of state law.

**II. JURISDICTION & VENUE**

2.   The jurisdiction of the Court invoked under Title 28 of the United States Code §§1331 & 1332 and 42 U.S.C. §12188. Venue is proper pursuant to 42 U.S.C. 1391 as the events giving rise to this suit occurred in this district.

**III. PARTIES**

3.   Plaintiff, Olufunmi Bodunde, (hereinafter referred to as "Plaintiff"), is a Nigerian citizen who slipped and fell at Faulkner Flats apartments on or about February 22, 2019 during one of her frequent and ongoing visits to spend time with her daughter.

4.   Defendant Faulkner Flats is a private entity that owns, leases, or operates a place of public accommodation and is located in Oxford, MS and may be served with process of this

Court by serving a copy of the summons and complaint at 2998 Old Taylor Road, Oxford MS 38655.

## IV. FACTS

5.     Prior to instituting this action, Plaintiff suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990. Indeed, Plaintiff is substantially limited to performing one or more major life activities in such a manner and duration under which the average person in the general population can perform that same major life activity.

6.     In February 2019, Plaintiff visited the subject premises, but was denied full and equal access to, and full and equal enjoyment of, the facilities, services, goods, and accommodations offered within Defendant's subject facilities. Defendant failed to provide floor and ground surfaces that were stable, firm, and slip resistant in compliance with Section 302.1 of the ADA. As a result, Plaintiff, who suffered from balancing issues associated with her disability, suffered a serious a slip and fall accident at Defendant's location caused by, this provision of the ADA as it failed to have any of the code requirements for an accessible bathroom. Had Defendant provided flooring in compliance with the ADA, her injury could have been prevented.

7.     Instead, Plaintiff has been forced to undergo serious medical treatment as a result of the injuries sustained at Defendant's location.

8.     Plaintiff suffered and continues to suffer severe pain and suffering as a result of the aforementioned injuries.

## V. ADA VIOLATION

9.     Plaintiff reincorporates by reference each of the proceeding paragraphs.

10.    Defendant violated certain provisions of the ADA and proximately caused Plaintiff's injuries.

## VI. NEGLIGENCE

11.     Plaintiff reincorporates by reference each of the proceeding paragraphs.

12.     Plaintiff also alleges that it was a very common occurrence for the public area adjoining the public bathroom to be very wet on days it either rained or the nearby pool was in use.

13.     Although management was aware of the wet floor that could cause visitors to fall given the office's very close proximity to the aforementioned subject location, it failed to take reasonable steps to warn customers, including Plaintiff.  Management also failed to provide any signage related to this known problem until after Plaintiff's injury. Moreover, management failed to take any reasonable steps to keep the floor dry in this area prior to the subject incident.

14.     Despite the known hazardous condition of the wet floor, management failed to provide any slip resistant substrate in that area.

15.     Based on the foregoing, Defendant's failure to take reasonable care in addressing the wet floor that caused Plaintiff's injury that ultimately resulted in tremendous damage to Plaintiff.

## VII.  PREMISES LIABILITY

16.     Plaintiff reincorporates by reference each of the proceeding paragraphs

17.     Defendant was the owner or operator of the business premises and owed a duty to Plaintiff who was an invitee.

18.     Defendant failed to exercise reasonable care to keep the premises in a reasonably safe condition.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and the Court declare that the subject property and Subject Facilities owned, operated, leased, controlled

and/or administered by the Defendants are violative of the ADA;

    A.    The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    B.    The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

    C.    The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 17th day of March, 2020.

Respectfully Submitted,

/s/ Volney Brand
Volney Brand
Brand Law PLLC
3626 N Hall Ste 610
Dallas, TX 75219
Telephone: 214-932-1472
Fax: 214-932-1473